# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40534
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NICOLAS JAIMES RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-87

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Nicolas Jaimes Ramirez, federal prisoner # 30906-279, moves for leave to proceed in forma pauperis (IFP) on appeal. He seeks to challenge the denial of his 18 U.S.C. § 3582(c)(2) motion in which he sought a sentence reduction pursuant to Amendment 782 to U.S.S.G. § 2D1.1.

When, as in this case, a district court certifies that an appeal is not taken in good faith, the appellant may either pay the filing fee or challenge the court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40534

certification decision.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).
Our inquiry into an appellant's good faith "is limited to whether the appeal
involves legal points arguable on their merits (and therefore not frivolous)."
*Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks
and citation omitted).  If we uphold the district court's certification that the
appeal is not taken in good faith, the appellant must pay the filing fee or,
alternatively, we may dismiss the appeal sua sponte under 5th Circuit Rule
42.2 if it is frivolous.  *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

We review the district court's decision whether to reduce a sentence
pursuant to § 3582(c)(2) for abuse of discretion.  *United States v. Evans*, 587
F.3d 667, 672 (5th Cir. 2009).  Amendments 782 and 788 retroactively lowered
the base offense levels in § 2D1.1(c) by two levels and have the effect of
lowering Ramirez's total offense level to 33.  When combined with his Criminal
History Category of I, the amended guidelines range of imprisonment is 135 to
168 months.  Ramirez was sentenced to 130 months, below the minimum of the
amended guidelines range.  The district court could not further reduce his term
of imprisonment because he did not receive a downward departure pursuant
to a government motion to reflect his substantial assistance to authorities.  *See*
U.S.S.G. § 1B1.10(b)(2)(A), (B), comment. (n.1(A)).

The district court did not abuse its discretion in denying Ramirez's
§ 3582(c)(2) motion.  *See Evans*, 587 F.3d at 672.  Because the appeal lacks
arguable merit and is therefore frivolous, Ramirez's motion for leave to proceed
IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous.  *See
Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.